# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTBURGH PA | § § § § | |
|---|---|---|
| v. | § § | CIVIL ACTION NO. 3:19-CV-1742-S |
| LAUREN ENGINEERS & CONSTRUCTORS, INC. | § § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant's Motion to Transfer Venue [ECF No. 5]. For the following reasons, the Court denies the Motion.

## I. BACKGROUND

Plaintiff National Union Fire Insurance Company of Pittsburg, PA ("Plaintiff") filed suit against Defendant Lauren Engineers & Constructors, Inc. ("Defendant") seeking a declaratory judgment that it had no obligation to provide defense coverage in connection with an underlying arbitration proceeding in another state. *See* Mot. 1. Counsel for Defendant in the underlying arbitration are located in New Orleans, Louisiana and Austin, Texas. *See* Resp. to Mot. to Transfer Venue ("Resp.") 4. Defendant is located in Abilene, Texas. *See* Mot. 1. Defendant filed its Motion to Transfer Venue on October 1, 2019, which is now fully briefed and before this Court.

## II. ANALYSIS

A district court may transfer any civil action to any other district or division in which it might have been brought for the convenience of the parties and witnesses, if such transfer is in the interest of justice. *See* 28 U.S.C. § 1404(a). The moving party bears the burden of demonstrating that a transfer of venue is warranted for convenience purposes. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). The movant's burden is to show "good cause" for transfer. *In re*

*Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (hereinafter, "*Volkswagen II*"). The Fifth Circuit explained:

> Th[e] good cause burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled. When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice. Thus, when the transferee venue is not *clearly more convenient* than the venue chosen by the plaintiff, the plaintiff's choice should be respected.

*Id.* (internal quotation marks omitted) (emphasis added). The determination of venue transfer pursuant to § 1404(a) is within the district court's sound discretion, exercised "in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001) (citing *Radio Santa Fe v. Sena*, 687 F. Supp. 284, 287 (E.D. Tex. 1988))). In doing so, the court must balance the two categories of interest—private and public—to resolve whether the movant has carried his burden. *Volkswagen II*, 545 F.3d at 315 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004) (hereinafter, "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

2

Here, the parties do not dispute that the action could have been filed in the Abilene Division. After considering and weighing all the factors, the Court finds that Defendant did not demonstrate that transfer to Abilene Division of the Northern District of Texas is "clearly more convenient" and "in the interest of justice." *See Volkswagen II*, 545 F.3d at 315. Defendant devotes the bulk of its argument on the relative ease of access to sources of proof and the convenience of the witnesses. *See generally* Mot.

### A. *Relative Ease of Access to Sources of Proof*

First, Defendant argues that transfer is warranted because no sources of proof are located in the Dallas Division. *See* Mot. 4. Rather, Defendant asserts that all proof and evidence are found in Abilene, Texas, where Defendant is located. *See* Reply in Support of Its Mot. to Transfer Venue ("Reply") 3; *id.* at Ex. A ¶ 4. To support this contention, Defendant submitted the Affidavit of Lynette Tatum, which states that documents related to "approval of the bills submitted by [Defendant's] defense counsel [in the underlying action] . . . after [Plaintiff] denied coverage" are located in Abilene. *See id.* Ex. A ¶¶ 3-4. This argument is unpersuasive, given that those documents are easily transferable to any forum. *See Volkswagen II*, 545 F.3d at 516 (noting that advances in copying technology and information storage have rendered this factor far less important in recent years).

Additionally, Plaintiff argues that some relevant documents are located in Austin, Texas and New Orleans, Louisiana.[1] *See* Resp. 4. Specifically, Plaintiff contends that documents related

---

[1] Plaintiff also argues that "relevant documents are located in the offices of Parsons McEntire McCleary in Dallas, Texas." *See* Resp. 4. The Court declines to consider this, as "[a]ttorneys may not manipulate the transfer analysis simply by moving documents to their offices." *RLI Ins. v. Allstate Cty. Mut. Ins.*, Civ. A. No. 3:07-CV-1256-M, 2008 WL 2201976, at *2 (N.D. Tex. May 28, 2008) (citing *Volkswagen I*, 371 F.3d at 206). The Court will consider documents at the offices of counsel from the underlying action, however, because this action concerns insurance coverage for an underlying arbitration proceeding. *Cf. Calypso Wireless, Inc. v. T-Mobile USA, Inc.*, 2010 WL 11469012, at *3 (E.D. Tex. Mar. 31, 2010) (considering convenience of a patent's prosecuting attorney in a patent infringement action, because the attorney was a witness to the case).

3

to (1) Defendant's reasonable and necessary defense costs and (2) whether Defendant provided Plaintiff a proper allocation of its costs are located in Austin, Texas and New Orleans, Louisiana—the locations of counsel who represented Defendant in the underlying action. *See id.* Although some relevant sources of proof are located in Abilene, the Court finds that Defendant's argument under this prong, when afforded its due weight, does not aid in demonstrating that the Abilene Division is a "*clearly* more convenient" venue. *See Volkswagen II*, 545 F.3d at 315-16 (emphasis added).

### B. *Cost of Attendance of Willing Witnesses*

With respect to the cost of attendance of willing witnesses, party moving for transfer "must identify key witnesses and describe their expected testimony so that the court can properly evaluate its nature and quality," and can determine whether such witnesses are key to this litigation. *Id.* (citing *Empty Barge Lines II, Inc. v. Fisher*, 441 F. Supp. 2d 786, 793 (E.D. Tex. 2006)). Defendant identifies two Abilene residents as willing witnesses in this action: Lynette Tatum, its general counsel, and Cleve Whitener, one of its principals. *See* Reply 3. But since the identified witnesses are "employees of the party seeking transfer, their convenience is entitled to less weight because that party will be able to compel their testimony at trial." *Cont'l Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1992); *see also USPG Portfolio Two, LLC v. John Hancock Real Estate Fin.*, Civ. A. No. 3:10-CV-2466-D, 2011 WL 1103372, at *4 (N.D. Tex. Mar. 25, 2011) (declining to consider parties' employees under this factor).

Moreover, Plaintiff identifies Ray Adams—the claims representative who handled this coverage dispute—as a potential witness. *See* Resp. 7. Adams lives in California, and he will need to fly to Texas to testify. *See id.* Plaintiff states that it is more convenient for the witness to travel to Dallas than Abilene. *See id.* The Court agrees. *See Trademaven Clearing*, 2012 WL 1108119, at *3 (noting that the Dallas-Fort Worth International Airport "offer[s] daily nonstop

flights to and from every part of the United States" and an "additional flight or additional driving distance" poses an inconvenience). "[A] transfer should not be made where the only practical effect is to shift inconvenience from the moving party to the non-moving party," *Perritt v. Jenkins*, No. 4:11-cv-23, 2011 WL 3511468, at *5 (E.D. Tex. July 18, 2011). Therefore, the Court finds that Defendant has not met its burden of demonstrating that the Abilene Division is "*clearly* more convenient" than the Dallas Division. *See Volkswagen II*, 545 F.3d at 315 (emphasis added).

### III.   CONCLUSION

Having considered and weighed all factors regarding Defendant's Motion, the Court determines that Defendant has not met its burden and denies Defendant's Motion.

**SO ORDERED.**

SIGNED November 14, 2019.

KAREN GREN SCHOLER
**UNITED STATES DISTRICT JUDGE**